UNITED STATES CAST IRON PIPE AND FOUNDRY COMPANY v. THOMAS CAVANAGH ET AL.

Argued February 23, 1911—Decided March 4, 1912.

Defendant agreed to purchase certain pipe and castings from the plaintiff for use by him in the construction of an extension of the water system of the city of Hoboken. This agreement was made upon condition that bonds of the city for the raising of funds to pay the defendant for the construction of the extension should be duly authorized by the city on the 28th of August, 1907. *Held*, that the time of the authorizing of the issue of the bonds was of the essence of the agreement; and that failure of the municipal authorities to authorize their issue until after the day named in the agreement relieved the defendant of any obligation to purchase the pipe and castings from the plaintiff.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the rule, *Warren Dixon.*

*Contra, Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The action in this case was brought to recover for alleged breach of contract. The case

was tried before the court without a jury, and resulted in a finding in favor of the plaintiff for $10,000. The following are the undisputed material facts: In the year 1907 the city of Hoboken deemed it advisable to increase and extend its water supply system by laying additional mains in certain streets of the city. In June of that year the board of water commissioners advised the mayor and common council of the importance of doing this work, and on the 24th of July an ordinance was introduced in the council providing for the issuing of $95,000 worth of bonds for the purpose of carrying this plan into execution. On July 31st the board of water commissioners entered into a contract with the defendants for the construction of these additional water mains. The defendants then negotiated with the plaintiffs for the providing of the pipe necessary in the performance of this work; and on August 26th entered into the following contract with it: "To the United States Cast Iron Pipe and Foundry Company: We hereby agree to purchase the pipe and special castings for the city of Hoboken, contract for which was awarded to us by the above city on     ,     , 1907, said pipe and special castings to be delivered f. o. b. cars or dock at the city of Hoboken according to the specifications attached hereto  *  *  *.  This agreement is executed conditionally that the bonds for the city of Hoboken are duly authorized on the 28th of August, after which time and the bonds being duly authorized this agreement becomes an active order and fully obligates the parties whose signatures appear below. We agree to make arrangements for the payment of this material in a manner meeting the approval of the treasurer of the United States Cast Iron Pipe and Foundry Company, to be set forth in a formal contract to be executed after August 28th, 1907. Dated August 26th, 1907. Signed, Thomas Cavanagh, Peter J. Heagney." The ordinance which was introduced on the 24th of July authorizing the issue of bonds was passed by the council on the 28th of August, but it was not approved by the mayor until the next day, and, of course, did not become operative until so approved. No sub-

sequent formal contract was thereafter entered into between the parties.

After the passage of the ordinance, and its approval by the mayor, the plaintiff took steps to fulfill what it conceived to be its obligation under the contract which has been recited, by assembling materials for the construction of the pipe called for thereby, and manufacturing the same in accordance with the specifications which had been submitted by the defendant. After the ordinance was approved action under the contract between the city and the defendants was suspended, for the reason that the city found it would have difficulty in negotiating its issue of bonds, because of doubts which had been raised concerning its power to do so legally. In this situation of affairs the defendants finally, and in January, 1908, in response to a demand from the plaintiffs that they should perform their contract, notified them that the contract did not bind them, and that they did not intend to carry it out. The present suit was thereupon begun.

The agreement upon which the plaintiffs base their right of recovery is expressly conditioned upon the due authorization on the 28th of August, 1907, of the bonds which were contemplated to be issued by the city of Hoboken for the raising of money to pay for the improvement. These bonds were not duly authorized by the date specified, and, therefore, the agreement, by its very letter, ceased to be binding upon the parties to it. Time was of its essence, and there is nothing in the proofs to show any waiver of this provision by the defendants. They were, consequently, protected by the provision referred to, and were under no obligation to perform it. The finding, therefore, on the part of the trial court in favor of the plaintiffs, was without legal justification, and the rule to show cause must be made absolute.

As this case must go back for a retrial, and a different situation may then be presented, we deem it proper to say that, in our opinion, the evidence offered by the defendants to show that no bonds were ever issued in accordance with the provision of the ordinance referred to in the contract, because of doubt whether the municipality had power to issue

them under existing laws; and that during the next session of the legislature the necessary legislation for such issue was obtained, and that then a later ordinance was introduced and passed authorizing the issue of bonds to meet the expense of the proposed improvement, was improperly excluded by the trial court.

We further think that the damages assessed by the trial court were excessive, for the reason that there was no proof that the raw and manufactured material acquired and manufactured by the plaintiffs for the purpose of carrying out their contract remained on hand at the time of the trial; nor was there any proof of the amount of the loss sustained by their sale (if there was a sale thereof) after the refusal of the defendants to perform.