In the matter of ROBERT L. EATON, a solicitor of the court of chancery of New Jersey.

[Decided April 29th, 1915.]

A solicitor obtaining money from a client on false representations that her suit, prosecuted by him, was progressing, when in fact he had not begun the suit, is guilty of misconduct, justifying disbarment.

On an order to show cause why Robert L. Eaton should not be adjudged guilty of malpractice as a solicitor of the court of chancery and be put out of the roll of solicitors and be suspended from practicing as solicitor, or to be otherwise disciplined and punished.

*Mr. Nelson B. Gaskill,* prosecutor (appointed by the chancellor).

*Mr. C. Addison Swift,* for the defendant.

LEWIS, V. C.

Robert L. Eaton is charged with malpractice as a solicitor of the court of chancery. The evidence, which is convincing, is that the solicitor, while practicing in the city of Elizabeth, this state, was consulted on or about the middle of February, 1913, by Anna Williams, for the purpose of obtaining a divorce from her husband, Theodore Williams. She furnished the solicitor with the facts in her possession regarding the case, and he thereupon advised her that she was entitled to receive a decree of divorce and agreed to act as her solicitor and prosecute for her. Subsequently, he informed his client at various times that her cause had reached certain stages in the prosecution thereof, and that her husband had been notified of the pendency of the action against him. Some time in May, 1914, he stated to her that the case was coming up for hearing and that he would need $25 for court expenses, and upon this representation she paid him the sum of $25, having previously paid various sums for fees and expenses requested by the solicitor, amounting to about $40. When called upon later for further information as to the situation of the case, Mr. Eaton stated that the calendar of the court was very crowded, but that the matter would come up within a short time, and some time in August, 1914, he told Mrs. Williams that the court desired a certain point of evidence verified, which would cause further delay.

An affidavit, which Mr. Eaton admits the truth of, was filed in these proceedings, by Alexander Kupferman, who says he was requested by Mrs. Williams to inquire of Mr. Eaton concerning

the progress of her divorce proceedings. He did so, writing to Mr. Eaton on the 4th day of September, 1914, and received from him a reply, as follows:

"Got a letter from Ct. of Chancery commanding my appearance in Williams case to-morrow at Trenton.

"Will let you hear from me on my return."

The records of the court of chancery of this state have been examined and contain no proceedings instituted in behalf of Anna Williams against her husband, Theodore Williams, for divorce.

The solicitor filed an affidavit in the case admitting the truth of the facts contained in the affidavits, upon which the order to show cause herein was based, and he also appeared at the hearing before me. Both in his affidavit and in his oral statement to the court he admitted receiving the sum of $65, which he returned upon the institution of this action, together with a further sum of $21, which was reported to him by Anna Williams and one Alexander Kupferman as their joint expenses in telephone calls, railroad fares, &c., by reason of their connection with the divorce suit.

After the presentation of the case by the prosecutor, Mr. Eaton was asked if he desired to offer any testimony and replied that he did not. His counsel then stated to the court that Mr. Eaton had no defence to offer whatever; that the charges made against him were true and that his dereliction was due to his infirmity of habit in postponing from time to time what he should have done at once, and that his endeavoring to conceal such careless-ness and procrastination by a misstatement of facts did not arise from any willful intent to deceive his client or obtain from her money by reason of such deception.

This case falls within that of *In re Simpson, 82 Atl. Rep. 507,* where a solicitor was disbarred who obtained money from his client upon the false representation that her suit was pending and progressing, when in fact it had never been commenced.

At a conference of the court this case was considered by the chancellor and vice-chancellors and all concurred in the conclusion reached and the penalty to be imposed.

An order will be made permanently debarring the respondent from appearing in this court as a solicitor and prohibiting him from exercising any of the functions, rights or privileges of a solicitor of this court.